IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-20315
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO SANCHEZ-LEDEZMA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-601-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Alfredo Sanchez-Ledezma appeals his conviction and sentence for illegal reentry after deportation following an aggravated felony conviction. He argues that the district court erred in determining that his prior conviction for simple possession of a controlled substance was a "drug trafficking offense" and thus an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) (2001). This

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue is foreclosed by our recent decision in United States v. Caicedo-Cuero, 312 F.3d 697, 708-09 (5th Cir. 2002), which held that simple possession of a controlled substance is a drug trafficking crime for purposes of the aggravated felony enhancement of U.S.S.G. § 2L1.2(b)(1)(C) (2001).

Sanchez concedes that his remaining appellate arguments are foreclosed by this court's precedent, and he raises them only to preserve their further review by the Supreme Court. Caicedo-Cuero reaffirms our prior holding that simple possession is an aggravated felony under 8 U.S.C. § 1101(a)(43). 312 F.3d at 706-08. Similarly, the issue whether 8 U.S.C. § 1326(b)(1)&(2) are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.